IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| SAEED AL-AMERI, Individually and As Parent And Next Friend of A. A.-A. AL-AMERI, Minor a/k/a A. S. M.M.A. A.-A. ATHEITH AL-AMERI <br><br> and <br><br> TINA ASSOUIDI AL-AMERI, Individually <br><br> Plaintiffs, <br><br> vs. <br><br> THE JOHNS HOPKINS HOSPITAL, <br><br> Defendant. | CIVIL ACTION NO.: _____ <br><br> *Removed Case No.*:24-c-15-001997 <br><br> *Removed from* Circuit Court for Baltimore City, Maryland |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, The Johns Hopkins Hospital ("Removing Defendant") hereby removes the action entitled *Al-Ameri, et. al. v. The Johns Hopkins Hospital*, Case No. 24-c-15-001997 from the Circuit Court for Baltimore City, Maryland.

## STATEMENT OF GROUNDS FOR REMOVAL

### I. Background

1. On April 21, 2015, Plaintiffs Saeed Al-Ameri and Tina Assoudi Al-Ameri, Individually, and Saeed Al-Ameri, as Parent and Next Friend of A. A. –A. ("minor Plaintiff"), filed a Complaint in the Circuit Court for Baltimore City, Maryland.  *See* Exhibit A, Complaint.

2. Plaintiffs claim that the Removing Defendant was negligent in the postsurgical management of minor Plaintiff. They further allege that, as a result of Removing Defendant's negligence, minor Plaintiff suffered a spinal cord infarct, which resulted in, among other alleged injuries, quadriplegia, an inability to breathe on her own, and an ability to ingest food or drink without a feeding tube. Plaintiffs claim that minor Plaintiff requires continuous around-the-clock care to assist with her permanent and irreversible injuries.

## II.  Jurisdictional Basis for Removal

### A. The Court Has Diversity Jurisdiction Over This Removed Action Pursuant to 28 U.S.C. § 1332.

3. Pursuant to 28 U.S.C. § 1332, the United States District Court has jurisdiction over this action because it is between citizens of different states and the amount in controversy is greater than $75,000, exclusive of interest and costs. Thus, this action could have originally been filed in this Court.

#### i. Diversity of Citizenship

4. Plaintiffs are citizens of the United Arab Emirates. (Compl. ¶ 5.)

5. Removing Defendant is incorporated in Maryland, with its principal place of business in Baltimore, Maryland. Therefore, it is a citizen of Maryland.

#### ii. Amount in Controversy

6. The Complaint seeks unspecified damages that will exceed $75,000. (Compl. ¶ 20-21 (alleging, *inter alia*, that the quadriplegic Minor Plaintiff will require "continuous 24-hour-a-day/7-day-a-week/365-day-a-year care," "continuous bedside monitoring by certified clinicians on a 24-hour-a-day basis," and "required skilled medical care on a permanent basis").

**III.     Procedural Requirements for Removal**

7.     Removing Defendant has not been served at the time of removal.  Upon information and belief, no summons has been issued for Removing Defendant.  *See* Ex. B, Case Information Report dated 4/23/15 from Maryland Judiciary Case Search.  Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).  *See Robertson v. Iuliano*, Civ. No. RDB 10-1319, 2011 WL 453618 (D. Md. Feb. 4, 2011) (forum defendant rule does not apply when forum defendant has not been served).

8.     This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending" under 28 U.S.C. § 1441(a).  The United States District Court for the District of Maryland, Northern Division embraces Baltimore City, Maryland.  *See* 28 U.S.C. § 100(1).

9.     Removing Defendant is filing written notice of this removal with the Clerk of the Circuit Court of Baltimore City pursuant to 28 U.S.C. § 1446(d).  *See* Exhibit C, Notice of Filing of Notice of Removal.  A copy of Removing Defendant's Notice of Filing of Notice of Removal, together with this Notice of Removal, are being served upon Plaintiff pursuant to 28 U.S.C. § 1446(d).

10.    Removing Defendant has not been served to date.  As such, there are no "process, pleadings and orders" to attach pursuant to 28 U.S.C. § 1446.

WHEREFORE, the action filed in the Circuit Court for Baltimore City, Maryland is removed to this Court, no further proceeding shall be had in the Circuit Court for Baltimore City.

Respectfully submitted,

Donald L. DeVries, Jr., Fed. Bar No. 04889
K. Nichole Nesbitt, Fed. Bar. No. 26137
M. Peggy Chu, Fed. Bar. No. 18507
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
T: (410) 783-4000  F: (410) 783-4040
dld@gdldlaw.com
knn@gdldlaw.com
pchu@gdldlaw.com
**Attorneys for The Johns Hopkins Hospital**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of April 2015, a copy of the foregoing was sent via first class mail, postage prepaid to:

Jonathan Schochor
Kerry D. Staton
Schochor, Federico and Staton, PA
The Paulton
1211 St. Paul St.
Baltimore, MD 21202
*Attorneys for Plaintiffs*

M. Peggy Chu

4

5

4852-2285-8530, v.  2