UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 26, 2016

LETTER TO COUNSEL

RE: Al-Ameri, *et al.* v. The Johns Hopkins Hospital
Civil Case No. GLR-15-1163

Dear Counsel:

This case was referred to me by Judge Russell for discovery and all related scheduling. [ECF No. 36]. Pursuant to this referral, I reviewed Defendant's Motion to Compel Supplemental Discovery Responses and Document Production. *See* [ECF No. 34]. Plaintiffs did not file an Opposition. However, during a status conference call with counsel for both parties on May 10, 2016, Plaintiffs noted that they had prepared an Opposition, but conceded that it had not been timely filed. Plaintiffs were instructed to immediately file their Opposition, and to confer with Defendant to determine whether Plaintiffs' Opposition resolved any of the discovery disputes. Plaintiffs filed their Opposition on May 10, 2016. *See* [ECF No. 38]. Thereafter, counsel for both parties informed the Court that none of the discovery disputes addressed in the Motion to Compel had been resolved.

After reviewing Plaintiffs' Opposition, I held a second status conference call on May 20, 2016, during which counsel clarified their arguments with respect to the instant motion. Pursuant to that discussion, Defendant's Motion to Compel is DENIED on the basis that compelling the discovery sought would be futile. This letter explains my rationale.

I. **Background**

This medical malpractice action arises out of the now-deceased Minor Plaintiff's spinal deformity correction surgery, which took place at Johns Hopkins Hospital ("the Hospital") in Baltimore, Maryland on February 24, 2012. Compl. at ¶ 7, 8, [ECF No. 3]. Plaintiffs Saeed Al-Ameri and Tina Assouidi Al-Ameri ("Plaintiffs" or "the Al-Ameris"), the parents of the decedent, allege that the Hospital was negligent in its care and treatment of the Minor Plaintiff, which resulted in severe and permanent injuries, including quadriplegia, as well as her untimely death. Compl. ¶¶ 8-24. Plaintiffs also allege that they lacked informed consent for the procedure and treatment, and that, had they been fully advised of the material risks associated with the procedure and treatment, they would have refused the surgery. *Id.*

Among other damages, Plaintiffs seek compensation for all past medical expenses related to the Defendant's alleged negligence. Plaintiffs assert that the Minor Plaintiff received post-

Case 1:15-cv-01163-GLR   Document 41   Filed 05/26/16   Page 2 of 6
*Al-Ameri,* et al. *v. The Johns Hopkins Hospital*
Civil Case No. GLR-15-1163
May 26, 2016
Page 2

surgery care for her quadriplegia and other impairments at Kennedy Krieger Institute in Baltimore and the Children's Hospital of Philadelphia in the United States, and at the Johns Hopkins Tawam Hospital and the Amana Long Term Care & Rehabilitation Hospital in the United Arab Emirates, until her death on July 1, 2015.  Def.'s Mem. in Support of Mot. to Compel at 5, [ECF No. 34-1].  The Minor Plaintiff was a citizen of the United Arab Emirates ("UAE").  As a benefit of UAE citizenship, she received health care at no cost to her or her family.  The UAE's health insurance scheme is administered through the Thiqa insurance company.  As it did here, the UAE government, through Thiqa, will, if necessary, arrange for citizens to travel abroad to receive specialized treatment.  Plaintiffs have thus alleged, and the UAE embassy confirmed, that the UAE government will be asserting a lien against any recovery in this litigation.  *See* Def.'s Mot. to Compel Ex. 1 at 15, [ECF No. 34-3]; Ex. 21, [ECF No. 34-23].

Defendant served Plaintiffs with its discovery requests on July 21, 2015.  Def.'s Mot. to Compel at ¶ 2, [ECF No. 34].  Although Plaintiffs responded to Defendant's interrogatories and document requests on October 1, 2015, *see* Def.'s Mot. to Compel Ex. 1, Defendant contends that this response was insufficient. After conferring with Plaintiffs' counsel to address purported deficiencies pursuant to Local Rules 104.7 and 104.8, Defendant filed the instant motion.

## II.     Legal Standard

Federal Rule of Civil Procedure 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." In determining proportionality, the Court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Federal Rule 34, which governs requests for document production, permits parties to request the production of any documents or electronically stored information within another party's possession, custody, or control.  Fed. R. Civ. P. 34(a).

## III.    Analysis

Defendant disputes as insufficient Plaintiffs' responses to Requests for Document Production Nos. 4, 5, 6, 7, 16, 17, 18, 19, 20, and 21, and Plaintiff's answer to Interrogatory No. 13.  These requests seek documentation evidencing the Minor Plaintiff's medical expenses claimed as damages (Requests Nos. 4 and 5); copies of any correspondence between Plaintiffs and the Hospital that relate to the Minor Plaintiff's medical care and consent to the procedure at the Hospital (Requests Nos. 6 and 7); copies of any requests, forms, or applications for payment made by Plaintiffs to Thiqa, the UAE national health insurance provider, related to the Minor Plaintiff's medical expenses and care (Requests Nos. 16, 17, 18, and 19); and information and any documentation evidencing the existence and amount of any liens asserted in the outcome of this litigation by the UAE government (Requests Nos. 20 and 21, and Interrogatory No. 13).  In addition, Defendant alleges that Plaintiffs have not made themselves or their key witnesses

*Al-Ameri,* et al. *v. The Johns Hopkins Hospital*
Civil Case No. GLR-15-1163
May 26, 2016
Page 3

available for deposition, despite numerous requests.[1]

All of the disputed discovery requests seek documents that are located in the UAE. Plaintiffs do not challenge the relevance of the supplemental discovery sought, Defendant's entitlement to the discovery sought, or that Plaintiffs' heretofore-provided documents are not sufficiently responsive to Defendant's requests. Rather, Plaintiffs assert that they have made good faith efforts to obtain the requested documents from relevant entities in the UAE, to no avail so far.

Indeed, as to the Minor Plaintiff's billing and care records from UAE hospitals sought in Requests Nos. 4 and 5, the record shows that Plaintiffs have attempted to contact Johns Hopkins Tawam Hospital to obtain documents pertaining to the Minor Plaintiff's medical care for over a year. *See* Pl.'s Opp. Ex. B [ECF No. 38-2]; Ex. C, [ECF No. 38-3]. Plaintiffs have provided Defendant with authorizations to independently obtain the medical records from the UAE facilities. They have also provided Defendant with a letter identifying the daily rate information for the cost of care in the UAE, and records from the UAE hospitals that were personally obtained by the Al-Ameris. *Id.* at 4. Plaintiffs acknowledge, however, that these steps are insufficient to resolve the discovery disputes, and that they bear the continued burden of responsive production. Similarly, as to the documents substantiating the amount of the UAE's lien sought in Requests Nos. 20 and 21, and Interrogatory No. 13, Plaintiffs' counsel maintains that it has "made numerous efforts" to produce itemized lien information from both the UAE hospitals and the UAE embassy, and that "specific documentation should be forthcoming." Pl.'s Opp. at 7.

The so-called "discovery dispute" regarding these document requests, then, is not really a dispute at all. Plaintiffs concede that they must produce the existing requested documents, but the fact remains that, for over a year, they have tried, and failed, to do so. Thus, as discussed during the status conference call, there is no reason to grant Defendant's motion as to Requests Nos. 4, 5, 20, and 21, since doing so would be futile. Plaintiffs are not engaging in gamesmanship or withholding information. They acknowledge that the documents are crucial to the case, but are presently unable to obtain them. Compelling these documents would not suddenly change Plaintiffs' situation or make the documents producible. *See Lumbermens Mut. Cas. v. United States*, 70 Fed. Cl. 94, 97 (2006) ("We concur with Plaintiff that the documents are relevant and that they should have been made available, but ordering the Government to produce the documents that it has represented either no longer exist, or are impossible to locate, would be a futile act. Our ordering the Government to compel discovery would not assist Plaintiff. Such an act would serve only to command the Government to acknowledge on the

---

[1] Defendant alleged in its Motion to Compel that Plaintiffs' counsel has not made the four individuals designated by Plaintiffs as having personal knowledge of relevant facts, all of whom reside in the UAE, available for deposition. As asserted by Plaintiffs in their Opposition, and confirmed by all counsel during the conference call, however, Plaintiffs' counsel has now obtained travel visas for these individuals to be deposed in Baltimore. Counsel has agreed to confer with one another to schedule all of the requested depositions. Thus, as to Defendant's request that the Court compel these depositions, Defendant's Motion to Compel is denied as moot.

*Al-Ameri,* et al. *v. The Johns Hopkins Hospital*
Civil Case No. GLR-15-1163
May 26, 2016
Page 4

record that it cannot produce documents that should be under its control. [The Government] has already offered such an admission.").

Likewise, compelling the documents sought in Requests Nos. 6, 7, 16, 17, 18, and 19 would be meaningless. Plaintiffs initially responded, and re-affirmed in their Opposition, that they are not in possession of any documents responsive to Requests Nos. 6 and 7. These requests seek copies of all documents that reflect or describe any conversations with or complaints made to health care providers relevant to this case (Request No. 6), and copies of electronic communications relating to events and circumstances surrounding the Minor Plaintiff's medical care at the Hospital and any claimed damages (Request No. 7).

Defendant argues that the documents sought in Request No. 6 are necessary to "explore the full bases for Plaintiffs' informed consent claim . . . and to determine the full extent of [the Minor Plaintiff's] damages." Def.'s Mem. in Support of Mot. to Compel at 9-10. Plaintiffs maintain, however, that "they do not possess any such documentation" sought in Request No. 6, and that "[a]ny written informed consent documentation [responsive to Request No. 6] would be contained on the forms in the [Defendant's] records, copies of which are already in the Defendant's possession." Pl.'s Opp. at 5. Additionally, in its Motion to Compel, Defendant asserts that, despite Plaintiffs' protestation that the documents responsive to Request No. 7 do not exist, "it is [Defendant's] understanding that there were multiple email communications between the UAE embassy and Johns Hopkins, if not others, concerning [the Minor Plaintiff's] care." Def.'s Mem. in Support of Mot. to Compel at 10 & n.1. However, Defendant provided no factual basis for this information. Plaintiffs contend in their Opposition that they have "nothing to produce" responsive to Request No. 7, and, further, that any emails referenced by the Defendant would already be in Defendant's possession, since this correspondence "represent[s] communications between the UAE embassy and Johns Hopkins." Pl.'s Opp. at 5.

The same issue plagues the documents sought in Requests Nos. 16, 17, 18, and 19. These requests ask Plaintiffs to produce any materials related to insurance claims made by Plaintiffs to Thiqa, or any of Thiqa's billing records for care rendered in both the UAE and in the United States. Plaintiffs asserted in their discovery responses, and re-assert in their Opposition, that any such documents are not in Plaintiffs' possession, custody, or control. Plaintiffs state that such documents do not exist because "[t]he process of acquiring the medical care in question for [the Minor Plaintiff] was quite simple: her parents produced her birth certificate to the Daman Thiqa office which summarily issued an insurance card without the need for application. Thereafter, the parents simply made a request to the embassy for their child to receive care in [the] United States and, without any paperwork being created and/or retained by the parents, the embassy made all arrangements and facilitated the care." Pl.'s Opp. at 6.

Plaintiffs have made clear that the documents sought in Requests Nos. 6, 7, 16, 17, 18, and 19 do not exist. *See Lumbermens Mut. Cas*, 70 Fed. Cl. at 97 (noting that compelling discovery that the Government contended did not exist "would serve only to command the Government to acknowledge on the record that it cannot produce documents that should be under its control," and finding that doing so would be futile because "[the Government] ha[d] already

offered such an admission."). Moreover, under Federal Rule of Civil Procedure 26(e), Plaintiffs have a duty to obtain, and to supplement, all requested discovery. *See* Fed. R. Civ. P. 26(e). Plaintiffs remain bound by this duty regardless of whether the Court compels the documents.[2] While an order to compel is a prerequisite to the requesting party seeking discovery sanctions under Federal Rule of Civil Procedure 37(b), following that procedure for the documents responsive to Requests Nos. 6, 7, 16, 17, 18, and 19, of which Plaintiffs deny being in possession, would be a purposeless act. *See McMullen v. Bay Ship Mgmt.*, 335 F.3d 215, 217 (3d Cir. 2003) (finding that an order to compel the testimony of a defendant who had clearly indicated that he would exercise his Fifth Amendment right not to testify would have been a "meaningless formality," and that "[t]he reasons underlying the Rule—active judicial review of the discovery dispute and recognition of the gravity of the issue—had already been satisfied. Thus, issuance of an order in this situation, indeed, would have been an exercise in futility.") (citing *Serafino v. Hasbro, Inc.*, 82 F.3d 515, 519 (1st Cir. 1996)).

Finally, in their Opposition, Plaintiffs request that the discovery deadline be extended in this case. Given that the discovery deadline is over four months away, however, I find an extension unnecessary at this time. There is no current indication that granting additional time will facilitate the production of necessary discovery.

### IV. Conclusion

As noted during the status conference call and explained above, Defendant's Motion to Compel Supplemental Discovery Responses and Document Production is DENIED because compelling the discovery would be futile. In addition, as noted above, Defendant's request that the Court compel the depositions of Plaintiffs and key witnesses located in the UAE is DENIED AS MOOT.

---

[2] It is worth noting here that Plaintiffs' counsel asserted in a January 26, 2015 letter to Defendant's counsel that he represents the UAE government, in addition to the Al-Ameris, in connection with this case, presumably because the government has asserted its entitlement to any recovery for reimbursement of medical costs that Plaintiffs obtain. *See* Def.'s Mot. to Compel Ex. 21, [ECF No. 34-23]. A letter from the UAE embassy attached to Plaintiffs' discovery responses confirms this representation. Def.'s Mot. to Compel Ex. 22, [ECF No. 34-24]. The UAE government is not a party to this case, and is beyond the Court's subpoena power. In an October 22, 2015 email to Plaintiffs' counsel, Defendant's counsel thus requested that Plaintiffs "produce all responsive documents in [the UAE government's] possession," in addition to those in the possession of the Al-Ameris. *See* Def.'s Mot. to Compel Ex. 5, [ECF No. 34-7].

To be sure, Plaintiffs' duty to supplement their discovery responses encompasses a duty to supplement *all* documents that come into Plaintiffs' possession, custody, or control, including those which may belong to non-parties, and those which Plaintiffs previously asserted did not exist. To the extent that Plaintiffs' counsel has access, through its representation of the UAE government, to any responsive documents presumably in the government's possession, such as any Thiqa billing or payment records, and any lien information, Plaintiffs' counsel must supplement the discovery responses with the production of these documents under Rule 26(e).

*Al-Ameri,* et al. *v. The Johns Hopkins Hospital*
Civil Case No. GLR-15-1163
May 26, 2016
Page 6

    Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.

        Sincerely yours,

        /s/

        Stephanie A. Gallagher
        United States Magistrate Judge

cc: Judge George L. Russell, III