UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**George L. Russell, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

November 22, 2016

MEMORANDUM TO COUNSEL RE:    <u>Saeed Al-Ameri, et al. v. The Johns Hopkins Hospital</u>
Civil Action No. GLR-15-1163

Dear Counsel:

Pending before the Court is Plaintiffs', Saeed Al-Ameri and Tina Assouidi Al-Ameri, Motion for Reconsideration (ECF No. 44). The Motion is ripe for disposition, and no hearing is necessary. <u>See</u> Local Rule 105.6 (D.Md. 2016). For the reasons discussed below, the Court will deny the Motion.

The relevant background facts are set forth in the Court's June 24, 2015 Letter Order (ECF No. 23). This matter arises out of various claims alleging medical malpractice against Defendant, The Johns Hopkins Hospital ("the Hospital"). (Compl., ECF No. 3). On April 29, 2015, the Al-Ameris filed a Motion to Remand to State Court. (ECF No. 13). The Court denied the Motion to Remand on June 24, 2015. (ECF No. 23).[1] On June 22, 2016, the Al-Ameris filed the pending Motion. (ECF No. 44). The Hospital filed a Response on July 1, 2016 (ECF No. 45), and the Al-Ameris filed a Reply on July 15, 2016. (ECF No. 46).

Although the Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration," Rule 54(b) provides that any order "that adjudicates fewer than all the claims of the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." United States District Court for the District of Maryland Local Rule 105(10) states, "[e]xcept as otherwise provided in [the Federal Rules of Civil Procedure] 50, 52, 59, or 60, any motion to reconsider any order issued by the Court shall be filed with the Clerk <u>not later than fourteen (14) days after entry of the order</u>." (emphasis added).

Here, the Al-Ameris brought their Motion for Reconsideration on June 22, 2016, almost one year after the Court denied their Motion to Remand. (ECF Nos. 23, 44). While the Al-Ameris acknowledge Local Rule 105(10), they nevertheless argue that its fourteen day deadline

---

[1] Also pending before the Court is the Hospital's Motion for Leave to File Sur-Reply (ECF No. 21). The Hospital's proposed Sur-Reply was in opposition to the Al-Ameris' Motion to Remand. (<u>Id.</u>). Because the Court denied the Motion to Remand, the Court directs the Clerk to dismiss as moot the Motion for Leave to File Sur-Reply.

is subject to Rule 60(c), which only requires that motions for reconsideration be brought "within a reasonable time."  But reconsideration of the Motion to Remand is governed by Rule 54(b), not Rule 60(c).  The Court's Order denying the Motion was an interlocutory order that adjudicated "fewer than all the claims or the rights and liabilities" of the parties, rather than a final judgment under Rule 60(b).  Fed.R.Civ.P. 54(b).  In their Reply, the Al-Ameris alternatively argue that the Court is "well within its discretion" to review a previous order under Rule 54(b).  (Pls.' Reply Def.'s Opp. Pls.' Mot Recons. at 3, ECF No. 46).  This discretion, however, is still subject to the fourteen-day deadline prescribed by Local Rule 105(10), and this Local Rule does not create any exceptions under Rule 54(b).  Because the Al-Ameris filed their Motion for Reconsideration well past the fourteen-day deadline, the Court will deny the Motion.

For the foregoing reasons, the Al-Ameris' Motion for Reconsideration (ECF No. 44) is DENIED.  Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

        Very truly yours,

        _____/s/_____
        George L. Russell, III
        United States District Judge